OPINION OF THE COURT
William E. Garnett, J.
When an accused waives extradition and is returned to New York, when is the defendant deemed under arrest for the purpose of setting the “180.80” date?
In this case, the defendant was detained in Florida on a New York extradition request. The defendant subsequently waived *431 extradition and was returned to New York. New York State law enforcement officers took custody of the defendant in Florida on October 31, 2003 at 11:00 a.m.
At his initial court appearance in New York, his attorney, citing People v Slocum (NYLJ, May 13, 2002, at 26, col 6 [Watertown City Ct]) as persuasive authority, argued that the defendant’s arrest in Florida by Florida authorities had triggered the running of the time period contained in CPL 180.80, that, therefore, the “180.80” time had already expired by the time of the defendant’s appearance in New York, and thus the defendant was entitled to immediate release. The prosecution opposed the motion to release the defendant and contended that the “180.80” date should be calculated from the time when the defendant was released to the custody of New York authorities. This calculation would have resulted in a “180.80” date of November 6, 2003 at 11:00 a.m. The People did not invoke any of the exceptions to timely action contained in CPL 180.80.*
In Slocum (supra), the court had ruled that, in an extradition waiver case, the “arrest” referred to in CPL 180.80 was the detention of the defendant by the sister state authorities and thus the defendant’s “180.80” rights had accrued upon this detention. In substance, the court concluded that the “arrest” for “180.80” purposes was indistinguishable from the “arrest” authorized in CPL 570.32 and 570.34 (Uniform Criminal Extradition Act, hereinafter UCEA). The court ordered the release of the defendant pursuant to CPL 180.80.
For the following reasons, this court respectfully disagrees with the conclusion reached in Slocum. It is this court’s underlying premise that an arrest pursuant to the UCEA is not the arrest addressed in CPL 180.80 (1). A seizure of a fugitive by a sister state is not the arrest which triggers the “180.80” clock. The arrest which results in the accrual of the defendant’s “180.80” rights is the arrest by a law enforcement officer authorized by CPL 140.10 et seq. to arrest a defendant on local charges. An officer of a sister state does not have the authority to arrest a defendant pursuant to CPL article 140 but has the authority to arrest a fugitive in accordance with the provisions of the UCEA. (CPL 570.32, 570.34.) When the officer of a sister state arrests a fugitive pursuant to the UCEA, he or she is not *432 arresting the accused on the underlying charges but is detaining the defendant on the predicate factual showing required by the UCEA. (CPL 570.32, 570.34.) It is beyond cavil that an out-of-state officer could not return a defendant to New York and commence the arrest process described in CPL article 140. While a private citizen, or an out-of-state police officer, may make an arrest for a felony committed in New York that arrest must be made in this state. (CPL 140.32 [2].) Otherwise, the only authority contained in CPL article 140 for an out-of-state officer to make an arrest in this state is the Uniform Close Pursuit Act embodied in CPL 140.55. Thus, for the purpose of determining the correct “180.80” time, the arrest by sister state officers is not the “arrest” contemplated by CPL 180.80 (1). In fact, the arrest in the sister state is authorized by the adoption of the UCEA as the law of the sister state. (Fla Stat Ann, tit XLVII, §§ 941.01-941.30.)
This construction is buttressed by the fact that CPL 180.80 does not simply refer to an arrest but refers to an arrest “pending [the] disposition of . . . [a] felony complaint.” The process described in CPL article 180 for the disposition of a felony complaint does not commence until the defendant is held in custody for the complaint’s disposition. When a fugitive is held in custody that detention is for the purpose of returning the defendant to New York and not for the purpose of the disposition of the felony complaint.
CPL 570.32 and 570.34, parts of the UCEA, authorize a court to hold the fugitive for charges which are pending in the demanding state — not on the underlying charges per se. CPL 570.46 circumscribes the inquiry which can be made by the sister state after the demand has been made for the return of the fugitive. The guilt or innocence of the fugitive is never an issue and thus clearly the arrest in the sister state cannot be one for the purpose of disposing of the felony complaint as provided for in CPL article 180. Moreover, the fugitive may be held in the sister state for 90 days to await the warrant of the Governor of the demanding state. (CPL 570.36, 570.40.) During this period of detention, the demanding state is not required to indict a fugitive to complete the formal extradition process. CPL 570.54 (3) provides that the prosecutor’s application for the Governor’s warrant need only be accompanied by two certified copies of the accusatory instrument. Therefore, a certified felony complaint satisfies the requirements for the issuance of a warrant by the Governor. Thus, it is patent that, despite the *433 fugitive’s confinement without bail, the prosecution does not have to secure an indictment to obtain the return of the defendant. This statutory analysis clearly establishes that the arrest in the sister state has no significance in establishing the date by which the prosecution must act to dispose of the felony complaint and thus in setting the applicable “180.80” time.
In addition to the statutory analysis, practical application of these statutes demonstrates that a defendant’s “180.80” rights should not accrue until New York State obtains custody of the defendant. Moreover, if the sister state arrest triggered the defendant’s “180.80” rights, bizarre and untoward consequences would result.
A defendant’s waiver of formal extradition does not change the character of the arrest in the sister state. The result would be perverse if a defendant who had been charged with a crime in the demanding state and had fled could manipulate his “180.80” rights by suddenly waiving extradition, thus requiring the demanding state to immediately plan the defendant’s return and compelling the prosecution to meet its “180.80” obligations. The defendant’s flight would be rewarded by his or her acquisition of control over the prosecution’s scheduling and resource management. CPL 180.80’s time restrictions are bottomed on fairness and on imputing constructive knowledge of a defendant’s arrest in this state to the prosecution. To attribute the knowledge of an arrest of a fugitive defendant in another state to the prosecution under CPL 180.80 is unfair and stretches the concept of constructive knowledge to the breaking point. It is, however, fair to require the demanding state to promptly return the fugitive and to calculate the defendant’s “180.80” rights from the time that the demanding state obtains custody of the fugitive. If the demanding state does not expeditiously return the defendant, the defendant would have recourse to the courts of the sister state to set bail or release the defendant pending the arrival of the agents of the demanding state.
If the arrest in the sister state triggered the running of the “180.80” time, every defendant who unsuccessfully fought extradition would be absolutely entitled to release upon the fugitive’s return unless the District Attorney had indicted the defendant while he or she was in the sister state. As discussed above, an indictment is not required to achieve a defendant’s formal extradition. Thus, interpreting CPL 180.80 to permit the accrual of the defendant’s “180.80” rights from the date of the sister state arrest would make indictment a requirement of *434 formal extradition for if the prosecution did not obtain an indictment while processing a request for formal extradition, the process of extradition would be futile as the courts of New York would have to immediately release the defendant upon his or her return to New York. This scenario clearly demonstrates the irrationality of making the “180.80” time dependent upon the sister state arrest. Such a demarcation would inure to the benefit of fleeing felons and undermine the efficacy of the UCEA.
In addition, if the prosecution chose to fulfill its “180.80” obligations by conducting a preliminary hearing that hearing could not be conducted without the defendant’s presence. (CPL 180.60 [2].) Moreover, the defendant has the statutory right to testify at that hearing. (CPL 180.60 [6].) By setting the out-of-state arrest time as the commencement of the “180.80” time, such a legitimate prosecutorial alternative is precluded because the defendant may not waive extradition or waive only after the “180.80” time has expired.
Likewise, if a defendant had properly expressed a desire to testify before the grand jury before his or her flight, absent proof of a waiver or abandonment, the prosecutor might hesitate to prosecute the case for fear that the presentation would have to be repeated upon the defendant’s return to the jurisdiction. (CPL 190.50 [5] [a].)
Parenthetically, CPL 30.30 (4) (e) provides that “the period of delay resulting from detention of the defendant in another jurisdiction” shall be excluded from chargeable speedy trial time if the District Attorney is aware of the detention and employs due diligence in obtaining the defendant’s return for trial. Arguably, this statute would provide an exclusion of speedy trial time where a defendant is held on an extradition request in another jurisdiction and the prosecution invokes the UCEA to obtain the defendant’s prompt return to New York. If Slocum were correct, this statutory exclusion would produce the incongruous result that the “180.80” time would run upon the defendant’s arrest in the sister state but the same time would not be chargeable to the prosecution in calculating the period in which the People would have to declare trial readiness.
The foregoing statutory analysis and arguments undermine the conclusion that the “180.80” time should begin to run when a defendant is detained on an extradition demand and buttresses the conclusion that the “180.80” time commences when a fugitive is in the custody of New York State law enforcement officers who have the authority to process the defendant in New *435 York State for the disposition of a felony complaint. This interpretation maintains the integrity of the UCEA and precludes gratuitous benefits to a defendant whose flight has shown contempt for the statutes which he or she subsequently invokes to obtain release.
Thus, in conclusion, the defendant’s “180.80” rights accrued in this case upon his delivery into the custody of New York State law enforcement officers on October 31, 2003 at 11:00 a.m. and thus he was not entitled to immediate release upon his return to New York.

 The prosecution may have argued that CPL 180.80 (3) applies inasmuch as the defendant’s detention in Florida was a “compelling fact or circumstance which precluded disposition of the felony complaint within the prescribed period or rendered such action against the interest of justice.”